```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
DENNIS RUSSELL,


                    Plaintiff,


        -against-                         MEMORANDUM & ORDER
                                          13-CV-0626(JS)(ETB)

COUNTY OF SUFFOLK POLICE DEPARTMENT,
STATE OF NEW YORK, OFFICER FREDERICK
YOPP, #6089, OFFICER CRISTOPHER
QUITONI, #5811,


                    Defendants.
-----------------------------------X
DENNIS RUSSELL,


                    Plaintiff,


                                          13-CV-1190(JS)(ETB)

        -against-


COUNTY OF SUFFOLK POLICE DEPARTMENT,
OFFICER FREDERICK YOPP, #6089,
OFFICER CRISTOPHER QUITONI, #5811,
BROOKHAVEN HOSPITAL AND STAFF,


                    Defendants.
-----------------------------------X
APPEARANCES:
For Plaintiff       Dennis Russell, pro se
                    185494
                    Suffolk County Correctional Facility
                    110 Centre Drive
                    Riverhead, NY 11901

For Defendants      No Appearance
```

SEYBERT, District Judge:

On January 30, 2013, incarcerated pro se plaintiff Dennis

Russell ("Plaintiff") filed an in forma pauperis civil rights

Complaint on the Court's form pursuant to 42 U.S.C. § 1983

("Section 1983") against the Suffolk County Police Department

("Police Department"), the State of New York and two Suffolk County

police officers, namely Frederick Yopp, No. 6089 ("Officer Yopp"), and Cristopher Quitoni, No. 5811 ("Officer Quitoni") (collectively, "Defendants"). That Complaint was assigned docket number 13-CV-0626(JS)(ETB) (the "First Complaint"). Annexed to the First Complaint is a 23 page attachment comprised of a notice of claim, Plaintiff's handwritten affidavit dated January 7, 2013, and 15 photographs. On February 28, 2013, Plaintiff re-filed his First Complaint, but crossed off "State of New York" as a Defendant, added "Brookhaven Hospital and Staff" and Suffolk County as Defendants and did not include the attachments that were annexed to the First Complaint. Plaintiff's Second Complaint was filed together with an in forma pauperis application and was assigned docket number 13-CV-1190(JS)(ETB) (the "Second Complaint"). Apart from the differences noted above, the First and Second Complaints are identical with two exceptions. First, on the Second Complaint, in the section of the complaint form that calls for a description of claimed injuries, the medical treatment required and whether such treatment was provided, Plaintiff added a "note" alleging that Brookhaven Hospital "ignored ailments and denied medical care and attention w/deliberate indifference and malicious intent, conspiratorially with arresting police officers." (2d Compl. ¶ IV.A.) Second, in the section of the complaint form that calls for a description of the relief sought, Plaintiff has added on the Second Complaint that he seeks $5 million in punitive damages, $50

million in compensatory damages, $5 million in "monetary damages," and $10 million in damages against Brookhaven Hospital.  (2d Compl. ¶ V.)  Both Complaints reflect that they were signed and notarized on January 12, 2013.

Upon review of Plaintiff's applications to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to file his Complaints without prepayment of the filing fees.  Accordingly, the applications to proceed in forma pauperis are GRANTED.  However, as is readily apparent, the Second Complaint merely amends the First Complaint and should not have been opened as a new civil action.  Accordingly, the Clerk of the Court is directed to close the case bearing docket number 13-CV-1190 and docket the Second Complaint as an Amended Complaint under docket number 13-CV-0626.  Upon review of the Amended Complaint, for the reasons that follow, the Amended Complaint is sua sponte dismissed in part.

BACKGROUND

Plaintiff's Amended Complaint alleges that, on or about October 28, 2012, Plaintiff was at home when the police arrived in response to a domestic violence call against the Plaintiff.  (Am. Compl. ¶ IV.)  Plaintiff describes that he was talking with the officers when they started "struggling" with Plaintiff.  (Id.) According to the Amended Complaint, as Officer Yopp attempted to handcuff Plaintiff, they "fell into a fish tank" and as Plaintiff

was reaching for Officer Yopp, Plaintiff's hand hit the Officer's "gun butt." (Id.) Officer Yopp is alleged to have yelled to Officer Quitoni that Plaintiff was "grabbing at his gun." Plaintiff claims that Officer Quitoni then tossed Plaintiff, punched him in the head, kicked, stomped and "tasered" Plaintiff. (Id.) As a result, Plaintiff claims that his face, head, and body are "still messed up" from the beating he allegedly received. Plaintiff claims that the officers "used more force than was necessary to subdue me and I will have trouble with my eyes, hearing and lower back probably for the rest of my life." Plaintiff alleges that "at first I didn't receive any medical attention when I was bleeding" and that Brookhaven Hospital ignored his ailments and denied him medical treatment maliciously and in conspiracy with the arresting police officers. (Am. Compl. ¶ IV.A.) As noted above, Plaintiff seeks to recover a total award of $50 million against the Defendants other than Brookhaven Hospital and seeks an additional $10 million damages award from Brookhaven Hospital. (Am. Compl. ¶ V.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1).

Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II.   <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u>

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 123 (2d Cir. 2010) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Iqbal, 556 U.S. at 679 (citations omitted).

The plausibility standard requires "more than a sheer possibility

that defendant has acted unlawfully."  Id. at 678;  accord Wilson

v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While

"detailed factual allegations" are not required, "[a] pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678

(quoting Twombly, 550 U.S. at 555).

III.   Section 1983

> Section 1983 provides that
>
> [e]very  person  who,  under  color  of  any
> statute, ordinance, regulation, custom,  or
> usage, of any State . . . subjects, or causes
> to  be  subjected,  any  citizen  of  the  United
> States . . . to the deprivation of any rights,
> privileges,  or  immunities  secured  by  the
> Constitution  and  laws,  shall  be  liable  to  the
> party injured.

42 U.S.C. § 1983; see also Rehberg v. Paulk, --- U.S. ----, 132 S.

Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).  To state a claim

under Section 1983, a plaintiff must "'allege that (1) the

challenged conduct was attributable at least in part to a person

who was acting under color of state law and (2) the conduct

deprived the plaintiff of a right guaranteed under the Constitution

of the United States.'"  Rae v. Cnty. of Suffolk, 693 F. Supp. 2d

217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53

(2d Cir. 1999)).

   A.   Claims against the Suffolk County Police Department

Though Plaintiff names the Suffolk County Police Department as a Defendant, it does not have an independent legal identity apart from Suffolk County and, thus, lacks the legal capacity to be sued. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also In re Dayton, 786 F. Supp. 2d 809, 818 (S.D.N.Y. 2011); Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011).

Here, because the Suffolk County Police Department is an administrative arm of Suffolk County, without an independent legal identity, it lacks the capacity to be sued. Accordingly, Plaintiff's Section 1983 claim against the Suffolk County Police Department is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

B.    Claim against the County of Suffolk

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the

alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)), cert. denied, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012); see also Monell, 436 U.S. at 690-91. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official

exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," <u>Cash</u>, 654 F.3d at 334 (internal quotation marks and citations omitted); <u>see also</u> <u>Okin v. Vill. of Cornwall-on-Hudson Police Dep't</u>, 577 F.3d 415, 439 (2d Cir. 2009) (holding that a municipal custom may be found when "faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions." (quotations and citations omitted))--<u>i.e.</u>, "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights . . . amount[ing] to deliberate indifference to the rights of persons with whom the untrained employees come into contact," <u>Connick</u>, 131 S. Ct. at 1359 (quotations, alterations and citations omitted), or a policymaking official's failure to investigate or rectify a potentially serious problem of unconstitutional conduct of which he or she had notice, evidencing deliberate indifference, "rather than mere negligence or bureaucratic inaction," <u>Amnesty Am.</u>, 361 F.3d at 128.

Here, even affording the <u>pro</u> <u>se</u> Amended Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Section 1983 claim against Suffolk County is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). <u>Meyers v.</u>

N.Y. Att'y Gen., No. 12-CV-4450, 2013 WL 244934, at *5 (E.D.N.Y. Jan. 17, 2013).

     C.    Claims against Brookhaven Hospital and Staff

Plaintiff seeks to impose Section 1983 liability on Brookhaven Hospital ("Brookhaven") and its unidentified staff members. The Court's research reveals that Brookhaven is a non-profit, private community hospital. Hollman v. Cnty. of Suffolk, No. 06-CV-3589, Mem. & Order, Jan. 27, 2011 (Bianco, D.J.). "'[A]s a general rule, private hospitals do not act under the color of law for § 1983 purposes.'" Sykes v. McPhilliips, 412 F. Supp. 2d 197, 200-01 (N.D.N.Y. 2006) (quoting Okunieff v. Rosenberg, 996 F. Supp. 343, 356 (S.D.N.Y. 1998)). However, "'courts have sometimes found non-public medical providers to be state actors when they provide medical care to inmates at a prison facility, see, e.g., West v. Atkins, 487 U.S. 42 (1988), or outside of a prison pursuant to a contract, see, e.g., McKenney v. Greene Acres Manor, 650 A.2d 699, 702 (Me. 1994).'" Hollman, No. 06-CV-3586, Mem. & Order, Jan. 27, 2011 (Bianco, D.J.), at 7.

Given the early stage of this pro se case, the Court declines to sua sponte dismiss Plaintiff's Section 1983 claims against Brookhaven Hospital. However, insofar as Plaintiff seeks to impose liability on the entire "staff" at Brookhaven Hospital, he cannot do so. Rather, Plaintiff may amend his Amended Complaint to include any claims he may have against any particular

individuals working at the Brookhaven Hospital.  **Any such Second Amended Complaint shall be filed within thirty (30) days from the date of this Memorandum and Order, shall clearly be labeled "Second Amended Complaint," and shall bear docket number 13-CV-0626(JS)(ETB).**  Plaintiff shall include factual allegations describing the conduct or inaction by the individuals he seeks to sue.  If Plaintiff cannot identify the individuals he seeks to sue by name within the time allotted, he may name them as "John Doe" or "Jane Doe" and include allegations describing them, including the date(s), time(s), and location(s) of any interactions upon which Plaintiff's bases his constitutional deprivation claims.  Any timely filed Second Amended Complaint shall be screened pursuant to 28 U.S.C. §§ 1915, 1915A.

> D.  <u>Claims Against Officers Yopp and Quitoni</u>

Plaintiff's Section 1983 claims against Officers Yopp and Quitoni, though thin, shall proceed.  Accordingly, the Clerk of Court is directed to forward copies of the Summonses, the Amended Complaint, and this Order to the United States Marshal Service for service upon the these Defendants without prepayment of fees, and to mail a copy of this Order to the Plaintiff.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED.  Plaintiff's Second Complaint is construed as an Amended Complaint under Docket No. 13-

CV-0626 and the Clerk of Court is directed to CLOSE the case assigned Docket No. 13-CV-1190. All further docket entries shall be made in the first filed case, 13-CV-0626.

The Amended Complaint is <u>sua</u> <u>sponte</u> DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2) as against the Suffolk County Police Department and without prejudice as against the County of Suffolk. Plaintiff's claims against Brookhaven Hospital and Officers Yopp and Quitoni shall proceed and the Clerk of the Court is directed to forward copies of the Summons, the Amended Complaint, and this Order to the United States Marshals Service for service upon these Defendants. Plaintiff may amend his Amended Complaint as set forth herein to include any claims he may have against any particular individuals working at the Brookhaven Hospital. **Any such Second Amended Complaint shall be filed within thirty (30) days from the date of this Memorandum and Order, shall clearly be labeled "Second Amended Complaint" and shall bear the docket number of this case, 13-CV-0626(JS)(ETB).**

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                              SO ORDERED.

                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:    April   18  , 2013
          Central Islip, New York